**CLARK HILL PLC**
Steven M. Richman, Esq. (NJ Id 017391980)
Myriah V. Jaworski, (*pro hac vice* forthcoming)
Chirag H. Patel (*pro hac vice* forthcoming)
210 Carnegie Center, Suite 102
Princeton, New Jersey 08540
(609) 785-2911
srichman@clarkhill.com
mjaworski@clarkhill.com
cpatel@clarkhill.com
*Attorneys for Defendant 6Sense Insights, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, JANE DOE-1, JANE DOE-2, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, | Case No. 24-cv- _____ |
| | Electronically Filed |
| Plaintiffs, | |
| v. | |
| 6Sense INSIGHTS, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendant. | |

### DEFENDANT'S NOTICE OF REMOVAL

## <u>TABLE OF CONTENTS</u>

Table of Contents ..................................................... **Error! Bookmark not defined.**

D.N.J. Civ. R. 10.1 STATEMENT ..........................................................................1

  A. The Parties ..............................................................................................5
  B. Claims and Damages Alleged...............................................................6

I.    DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(A)(1).......8

  A. The Parties are Citizens of Different States and Complete Diversity Exists.9

     1.  6Sense is a Resident of California and Delaware. ..................................9

     2.  The Individual Plaintiffs and Assignors are not Residents of California or Delaware. ..........................................................................................9

     3.  The Assignors are the real parties in interest for diversity jurisdiction purposes, and Atlas's citizenship should be disregarded. ...........................11

  B.    The Amount in Controversy Plausibly Exceeds $75,000. ........................15

     1.  Atlas' Claim Satisfies the Amount in Controversy. .............................15

     2.  Alternatively, Each Plaintiff has a Plausible Claim for $75,000..........16

  II.    ALTERNATIVELY, REMOVAL IS APPROPRIATE UNDER § 1332(D) CAFA JURISDICTION ......................................................................................18

    A.    The Court May Deem this Matter a *De Facto* Class or Mass Action......19

  B. Minimal Diversity Exists.............................................................................20

  C. The Proposed Class Exceeds 100 Members...............................................20

  D. CAFA Amount in Controversy is Satisfied.................................................21

  E. No CAFA Exception Applies. ....................................................................21

  III.    6SENSE HAS MET ALL OTHER REQUIREMENTS FOR REMOVAL 22

  A.    This Court is the Proper Venue for Removal...............................................22

  B.    Defendant Has Timely Filed This Notice of Removal. ...............................22

  C.    Defendant Has Met All Procedural Requirements for Removal. ...............23

  IV.    THE COURT MAY ORDER JURISDICTIONAL DISCOVERY ...........23

Conclusion ...........................................................................................................24

## D.N.J. CIV. R. 10.1 STATEMENT

The plaintiffs are Atlas Data Privacy Corporation, Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and Williams Sullivan. The address for Atlas Data Privacy Corporation is Five Greentree Centre, 525 Route 73, Suite 104, Marlton, New Jersey 08053. Plaintiffs' complaint does not disclose the addresses for the remaining Plaintiffs and Defendant was unable to locate their precise addresses (moreover the identities of Jane Doe-1 and Jane Doe-2 are unknown). Plaintiffs are represented by Rajiv D. Parikh, Esq. and Kathleen Barnett Einhorn, Esq. of Genova Burns LLC, 494 Broad Street, Newark, NJ 07012 and John A. Yanchunis, Esq. of Morgan & Morgan, 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

The defendant is 6Sense Insights, Inc ("6Sense"). The address of 6Sense is 450 Mission St, San Francisco, CA 94105. 6Sense is represented in this action by Clark Hill PLC, through Steven M. Richman, 210 Carnegie Center, Suite 102, Princeton, NJ 08540; Myriah V. Jaworski (*pro hac vice forthcoming*), One America Plaza, 600 W Broadway #500, San Diego, CA 92101; and Chirag H. Patel (*pro hac vice forthcoming*), 30 E Randolph St # 3900, Chicago, IL 60601.

1

## INTRODUCTION

Defendant 6Sense Insights, Inc. ("6Sense"), removes this matter to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

This removed state court action is one of approximately 143 nearly-identical lawsuits filed in New Jersey State Superior Court between February 6 and March 11, 2024 by Atlas Data Privacy Corporation ("Atlas") as the putative "assignee" for the claims of thousands of individuals who purport to be 'Covered Persons' under "Daniel's Law," N.J.S.A. § 56:8-166.1 (collectively the "Assignors").[1] Daniel's Law was enacted in 2020 and provides certain "Covered Persons" with the right to make a request to "cease the disclosure" of their home address or unpublished home telephone numbers to persons disclosing that information on the Internet or otherwise making it available. N.J.S.A. § 56:8-166.1(a)(2).

At the time of its enactment, Daniel's Law included a private right of action to allow an aggrieved "Covered Person" to bring a civil action in State superior court for violation of the law's disclosure requirement. On July 20, 2023, Daniel's Law was amended purportedly to allow for claim assignments. *See* N.J.S.A. § 56:8-166.1(b), (d). Pending removal petitions filed by other defendants describe Atlas and

---

[1] Unless otherwise stated, this removal petition is based on the allegations in the Complaint and does not admit the truth of the facts asserted therein. 6Sense expressly denies that Plaintiffs are entitled to any relief.

its associated law firm's role in lobbying the New Jersey state legislature to adopt this claim assignment amendment. *See Atlas Data Privacy Corp. v. Whitepages, Inc.*, 3:24-cv-03998 (D.N.J. Mar. 19, 2024), ECF No. 1 at 8-9 (Notice of Removal), ECF No. 1-3 (Ex. C), ECF No. 1-4 (Ex. D); *Atlas Data Privacy Corp. v. Hiya, Inc.*, 3:24-cv-04000 (D.N.J. Mar. 19, 2024), ECF No. 1 at 8-9 (Notice of Removal), ECF No. 1-3 (Ex. C), ECF No. 1-4 (Ex. D).[2]

Following this amendment, Atlas inundated 6Sense with 19,469 deletion requests in a three-day period. Compl. ¶ 26. A plain reading of the Complaint shows how Atlas' actions were intentionally designed to overburden and impede compliance by businesses like 6Sense, and therefore to create potential liability under the statute's newly amended private right of action.[3] Then, Atlas did just that and filed suit.

---

[2] "A federal court may take judicial notice of the proceedings in other courts of record." *Leiva v. Sec'y of Dep't of Homeland Sec.*, 230 F. Supp. 3d 406, 409 n.2 (D.N.J. 2017). Exhibits C and D describe Atlas as a "*de facto* contingent fee/litigation finance vehicle formed solely to serve as a litigation tool for Daniel's Law claimants, Atlas' investor, and the lawyers representing Atlas," and further describes Atlas' role in promoting the adoption of the Daniel Law's assignee amendment under which it now brings these suits.

[3] By its mass deletion requests, Atlas orchestrated a scenario whereby it knew that most businesses either would not be able to comply with the extraordinarily high volume of requests within the short 10-day compliance timeframe; would submit those requests for authorized agent verification pursuant to existing data subject rights protocols; or would reject the mass requests as bots or potential attack vectors under existing security protocols, among other potential responses. Additionally, Atlas fails to allege that it ever made any attempt to determine if 6Sense's business-to-business (B2B) platform actually contained covered information (unpublished

Specifically, on February 13, 2024, Atlas filed the annexed one-count complaint on behalf of Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and Williams Sullivan,[4] against 6Sense, "Richard Roes 1-10" and "ABC Companies 1-10" in the New Jersey Superior Court of Middlesex Country, under Case No. MID-L-000988-24, (the "State Court Action").[5] A copy of Plaintiff's Complaint and all other papers filed in the State Court Action are attached as **Exhibit A.** Defendant 6Sense was served with the Complaint on February 22, 2024.

As explained further below, removal is proper because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) as "the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." As an additional or alternative basis, removal is proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA") if it is either a *de facto* class action or mass

---

telephone number and home address) for any of the 19,469 Assignors prior to inundating it with the mass deletion requests.

[4] Plaintiffs Jane Doe-1 ("Ms. Doe-1"), Jane Doe-2 ("Ms. Doe-2"), Edwin Maldonado ("Mr. Maldonado"), Scott Maloney ("Mr. Maloney"), Justyna Maloney ("Ms. Maloney"), Patrick Colligan ("Mr. Colligan"), Peter Andreyev ("Mr. Andreyev"), and William Sullivan ("Mr. Sullivan") are each an "Individual Plaintiff" and collectively the "Individual Plaintiffs." The term "Plaintiffs" collectively refers to Atlas and all of the Individual Plaintiffs.

[5] The fictional defendants ("Richard Roes 1-10" and "ABC Companies 1-10") are disregarded when assessing a notice of removal. *See, e.g., Dozier v. E. Mfg. Corp.*, 2020 WL 3068191, at *1 (D.N.J. June 8, 2020). Thus, they are not addressed for the remained of this Notice of Removal.

action and the aggregate "matter in controversy [for the putative class] exceeds the sum or value of $5,000,000 exclusive of interest and costs" and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 6Sense meets all other requirements for removal because this is the proper venue for removal, removal is timely, and 6Sense completed all procedural requirements for removal.

### A. The Parties

**6Sense**. Defendant 6Sense provides a business-to-business (B2B) customer intelligence platform. 6Sense is incorporated in the State of Delaware and is headquartered at 450 Mission St, Suite 201, San Francisco, CA 94105.

**Individual Plaintiffs**. The Individual Plaintiffs allege they are each a "Covered Person" under Daniel's Law. Compl. ¶¶ 15-24. In sum:

| Plaintiff | Job Title | Residence | Compl. |
|---|---|---|---|
| Ms. Doe-1 | "veteran police office working in New Jersey" | Not Alleged | ¶ 15 |
| Ms. Doe-2 | "veteran correctional police officer" | "lives in Northern New Jersey" | ¶ 16 |
| Mr. Maldonado | "joined the Plainfield, New Jersey police department in 2000" | Not Alleged | ¶ 17 |
| Mr. Maloney | "veteran police officers currently serving the Rahway, New Jersey Police Department" | "live[s] in New Jersey" | ¶ 18 |
| Ms. Maloney | "veteran police officers currently serving the Rahway, New Jersey Police Department" | "live[s] in New Jersey" | ¶ 18 |
| Mr. Colligan | "veteran of the Franklin Township police department in Somerset, New Jersey" | Not Alleged | ¶ 22 |

| Mr. Andreyev | "veteran of the Point Pleasant New Jersey police department" | Not Alleged | ¶ 23 |
| Mr. Sullivan | "veteran of the Point Pleasant New Jersey police department" | Not Alleged | ¶ 24 |

**Atlas**. Plaintiff Atlas is a corporate plaintiff. Atlas alleges it is incorporated under Delaware law with its offices in New Jersey. Compl. ¶ 25. Atlas alleges that it is the "assignee" of "the claims" of 19,469 individuals who are all 'covered persons' under Daniel's Law (collectively the "Assignors"). Compl. ¶ 26. Atlas alleges the Assignors "include individuals who reside, work or who previously resided or worked in New Jersey." Compl. ¶ 27.

Atlas alleges that each of the Assignors has "assigned their rights for claims [under Daniel's Law] to Atlas." Compl. ¶ 30. However, Atlas neither explains the scope of those purported assignments nor discloses the domiciles of Assignors.[6]

### B. Claims and Damages Alleged

Plaintiffs allege that 6Sense violated Daniel's Law because it has "not complied with the law by ceasing the disclosure or re-disclosure on the Internet or the otherwise making available" of each of the eight Individual Plaintiffs and every

---

[6] 6Sense respects Plaintiffs' concerns of disclosing sensitive information. However, that does not excuse Atlas from Fed. R. Civ. P. 8 pleadings requirements.

one of the 19,469 Assignors covered information within ten business days. Compl.

¶¶ 29, 53, 60-63.[7] As their relief, the Plaintiffs seek:

- An order for 6Sense to "immediately comply with Daniel's Law";

- "actual damages, not less than liquidated damages under Daniel's Law, at '$1,000 for each violation'";

- punitive damages for "willful noncompliance";

- "reasonable attorneys' fees, interest (pre and post judgment) and litigation costs incurred"

- "injunctive relief requiring that [6Sense] comply with Daniel's Law";

- "equitable or other permanent injunctive relief . . . the appointment of a qualified independent expert to ensure that [6Sense] prospectively maintain compliance with Daniel's Law"; and

- "other and further relief against [6Sense] as the Court deems equitable and just."

Compl. at 23 (prayer for relief); *see also* § 56:8-166.1(c)(Daniel's Law statutory damages).

## <u>LEGAL STANDARD</u>

A notice of removal requires only "a short and plain statement of the grounds for removal," "just as required of pleadings under Fed. R. Civ. P. 8(a)." 28 U.S.C. §

---

[7] *See* n.5, *supra*. Atlas also did not meet its Fed. R. Civ. P. 11 obligation to investigate which, if any, of the 19,469 Assignors on whose behalf they filed suit now (or ever) had covered information available on 6Sense's Platform.

1446(a); *Grace v. T.G.I. Fridays, Inc*., 2015 WL 4523639, at \*3 (D.N.J. Jul. 27, 2015) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014)). Thus, the District Courts "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Dart Cherokee*, 574 U.S. at 87 (citing H.R. Rep. No. 100-889, at 71 (1988)). Accordingly, a "notice of removal need include only [] plausible allegation[s]" that each of the jurisdiction requirements for are met. *Id*. at 89. The allegations "invoking federal-court jurisdiction is accepted if made in good faith." *Id*. at 81–82. To be sure, "[n]o evidentiary support is required, and the Court should accept a defendant's allegations unless they are contested by the plaintiff or questioned by the Court." *Farrell v. FedEx Ground Package Sys., Inc*., 478 F. Supp. 3d 536, 540 (D.N.J. 2020) (citing *Dart Cherokee*, 574 U.S. at 87); see also *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 111 (3d Cir. 2015) (party who "alleg[es] complete diversity in good faith" will "survive a facial attack"); *Vaccaro v. Amazon.com.dedc, LLC*, 2019 WL 1149783, at \*3 (D.N.J. Mar. 13, 2019) (only plausible allegations are necessary).

## I.    <u>DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(A)(1)</u>

This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because (A) 6Sense is a citizen of Delaware and California, and none of the Individual Plaintiffs are citizens of those states, and (B) the Complaint plausibly pleads that the matter in controversy exceeds the sum or value of $75,000.

**A. The Parties are Citizens of Different States and Complete Diversity Exists.**

Complete diversity exists because 6Sense is a citizen of Delaware and California, and none of the Individual Plaintiffs are citizens of those two states.

**1. 6Sense is a Resident of California and Delaware.**

6Sense is a citizen of California (its headquarters) and Delaware (its state of incorporation). *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) ("citizenship of a corporation is both its state of incorporation and the state of its principal place of business").

**2. The Individual Plaintiffs and Assignors are not Residents of California or Delaware.**

Plaintiffs Ms. Doe-2, Mr. Maloney, and Ms. Maloney allege they reside in New Jersey. Compl. ¶¶ 16, 18. Plaintiffs Ms. Doe-1, Mr. Maldonado, Mr. Colligan, Mr. Andreyev, and Mr. Sullivan do not allege their respective states of residence. Compl. ¶¶ 15, 17, 22–24. However, the only plausible inference from their allegations is that they are New Jersey public employees residing in New Jersey because in-state residence is mandated by New Jersey law. *See* N.J.S.A. § 40A:14-122.8 ("[e]very member of a police department and force shall be a resident of the State of New Jersey while serving in such position"); N.J.S.A. § 52:14-7A

9

(collectively the "Residency Statute").[8] Accordingly, complete diversity exists between 6Sense and the Individual Plaintiffs.[9]

Like the Individual Plaintiffs, the only reasonable inference from Atlas' allegation that the Assignors are "covered persons" is that none of the Assignors reside in California or Delaware (and likely reside only in New Jersey). First, all of the job titles that qualify as "covered persons" are subject to the New Jersey Residency Statute. *See* N.J.S.A. § 56:8-166.1(d) ("judicial officer, law enforcement officer, child protective investigator in the Division of Child Protection and

---

[8] N.J.S.A. § 52:14-7, states

Every person holding an office, employment, or position
   (1) in the Executive, Legislative, or Judicial Branch of this State, or
   (2) with an authority, board, body, agency, commission, or instrumentality of the State including any State college, university, or other higher educational institution, and, to the extent consistent with law, any interstate agency to which New Jersey is a party, or
   (3) with a county, municipality, or other political subdivision of the State or an authority, board, body, agency, district, commission, or instrumentality of the county, municipality, or subdivision, or
   (4) with a school district or an authority, board, body, agency, commission, or instrumentality of the district,
**shall have his or her principal residence in [New Jersey]** and shall execute such office, employment, or position.
(emphasis added).

[9] Because 6Sense has stated a good faith and plausible basis for removal, the remote possibility that one of the Plaintiffs lives in Delaware does not make removal improper. It is unlikely that Daniel's Law is intended or can have extra-territorial application. Moreover, Plaintiffs could have alleged their state of residence but only did so selectively. Plaintiffs cannot rely on their own vagueness to obstruct removal.

Permanency, or prosecutor").[10] Second, "immediate family members" qualify as a "covered person" only if they "resid[e] in the same household" as an individual holding one of those job titles (and who is required to live in New Jersey). *Id*.; *see also* Compl. ¶¶ 26-27 (the Assignors are the "covered persons" who "reside, work or had previously resided or worked in New Jersey"). Accordingly, complete diversity exists between 6Sense and the Assignors.

### 3. The Assignors are the real parties in interest for diversity jurisdiction purposes, and Atlas's citizenship should be disregarded.

Atlas, like 6Sense, is incorporated in Delaware. Compl. ¶ 25. However, the Court should consider the residency of the Assignors, not Atlas, in determining citizenship because the Assignors are the "real part[ies] in interest," and because the purported assignment of their claims to Atlas is facially collusive. *See Mississippi ex rel. Hood v. AU Optronics Corp*., 571 U.S. 161, 174 (2014).

The "diversity jurisdiction statute [requires] courts in certain contexts to look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction." *Id*. This includes situations where a plaintiff collusively assigns his interest in an action. *See e.g.*, *Kramer v. Caribbean Mills, Inc*., 394 U.S.

---

[10] Federal Employees are subject to a different statute. *See* Daniel Anderl Judicial Security and Privacy Act of 2022, 117 Pub. L. 263, 136 Stat. 3458-69 (Dec. 23, 2022). Thus, Daniel's Law covers only New Jersey state employees all of whom are subject the Residency Statute.

823, 825–830 (1969); *Att'y's Trust v. Videotape Comput. Prods., Inc.*, 93 F. 3d 593, 597 (9th Cir. 1996) (courts must be "sensitive to and concerned by manipulations of their jurisdiction with partial assignments which lack reality and amount to no change in the identity of the party with the real interest in the outcome of the case"); 28 U.S.C. § 1359 (prohibiting collusive joinder to *create* federal jurisdiction).

"Federal district courts have both the authority and the responsibility, under 28 U.S.C. §§ 1332 and 1441, to examine the motives underlying a partial assignment which destroys diversity and to *disregard the assignment* in determining jurisdiction if it be found to have been made principally to defeat removal." *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 185 (5th Cir. 1990). *See also NPD Mgmt. & Bldg. Servs., Inc. v. Geismar North Am., Inc*., 2021 WL 5231870, *3 (E.D. La. Nov. 10, 2021) ("[A] plaintiff may not make a 'collusive' partial assignment of its interests in the subject matter of litigation to destroy valid diversity jurisdiction and to prevent the removal of an action to federal court."); *Cambridge Place Inv. Mgmt., Inc. v. Morgan Stanley & Co.,* 813 F. Supp. 2d 242, 244 (D. Mass. 2011) ("The Court must examine and disregard an assignment 'if it is found to have been made principally to defeat removal.'"). Most courts that have considered this issue "have determined that a collusive transfer to defeat subject matter jurisdiction may be held invalid." *E. I. Du Pont D Nemours & Co. v. Agfa NV*, 2019 WL 279989, at *9 (E.D. Va. Jan. 22, 2019).

Factors considered by district courts to determine if it should disregard an assignment for purposes of diversity include:

> (1) the comparative size of the interest assigned; (2) whether the assignee held any interest in the litigation before the assignment; (3) whether the assignor and assignee are controlled by the same party; (4) whether the assignment occurred shortly before the litigation commenced; (5) whether the assignment represents what is essentially a contingent fee arrangement for collection work; and (6) whether there is a strong likelihood of prejudice against the defendant.

*NPD Mgmt.*, 2021 WL 5231870, at *4 (E.D. La. Nov. 10, 2021) (citing *Grassi*, 894 F.2d at 186); *Smilgin,* 854 F. Supp. at 466; *JMTR Enters., LLC.*, 42 F. Supp. 2d at 92).

Although Atlas has concealed details of the purported assignments, what is known supports that this Court's should disregard Atlas's citizenship. ***First***, Atlas as an entity did not exist at the time Daniel's Law was created in 2020. *Hiya, Inc.*, 3:24-cv-04000, ECF No. 1-3 (Ex. C). However, shortly after the July 2023 amendment to allow assignments of claims (for which Atlas' counsel was engaged in promoting as a registered lobbyist), Atlas registered an office in New Jersey, *id*. at ECF No. 1-4 (Ex. D), inundated businesses with thousands of requests in an attempt to manufacture Daniel's Law liability, and then commenced rapidly filing lawsuits purportedly on behalf of the Assignors. Based on the recency of Atlas' conduct, it follows that the assignments were also recently obtained.

13

***Second,*** when considering the above conduct combined with (1) Atlas' close connection to New Jersey,[11] and (2) the omission of the form and scope of the purported assignments,[12] there is a strong suggestion that Atlas is a mere mechanism by which to commence suit (and destroy diversity). *See Grassi*, 894 F.2d 182 (affirmed the lower court's decision to disregard an assignee's citizenship for the purpose of determining diversity because the assignee had "no legitimate and independent interest in the litigation, but was simply providing litigation support services"). Accordingly, this Court should disregard the Atlas assignments when determining citizenship because the Assignors are the real parties-in-interest and because the assignments were made to destroy diversity.

For the reasons stated above, complete diversity exists because 6Sense is a citizen of Delaware and California, and none of the Individual Plaintiffs or Assignors are citizens of either of those two states.

---

[11] Atlas' sole office is in New Jersey and all its Assignors are individuals "who reside, work or had previously resided or worked in New Jersey." Compl. ¶¶ 25, 27. Atlas' close connection to New Jersey (and lack of connection to Delaware) support the inference that Atlas: (1) knew Delaware is a popular state for incorporation and (2) expected to sue numerous Delaware companies in its campaign to create liability, and (3) made the assignments to destroy diversity.

[12] The Complaint fails to allege the any facts or attach documents about the purported mass assignments of 19,469 individual claims to Atlas. The Complaint does not explain: (1) how these assignments were effectuated, (2) the scope of those assignment, (3) what interests were assigned (or retained) by the Assignors; (4) whether the Assignors were competent to make such assignments.

**B.     The Amount in Controversy Plausibly Exceeds $75,000.[13]**

To meet the amount-in-controversy requirement, 6Sense need only show that one of the Plaintiffs has a plausible claim exceeding $75,000. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005) (if one Plaintiff meets amount-in-controversy requirement, the District Court has "supplemental jurisdiction over all claims, including those that do not independently satisfy the amount-in-controversy requirement"). Generally, "[t]he sum claimed by the plaintiff controls." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify [remand]." *Id.*

As explained in Subsection (1), the amount-in-controversy requirement is met because Atlas' claim alone exceeds $75,000. Alternatively, as explained in Subsection (2), even if evaluated independently, each Individual Plaintiff and Assignor's claims plausibly exceeds $75,000.

**1.  Atlas' Claim Satisfies the Amount in Controversy.**

---

[13] 6Sense denies that any Plaintiff has suffered any damages at all. As explained in this section, for the purposes of removal, the amount in controversy is based on the amount plausibly claimed by plaintiff and is considered solely for the purpose of establishing jurisdiction. *Yucis v. Sears Outlet Stores, LLC*, 813 Fed. App'x 780, 782 n. 2 (3d Cir. 2020) (citing *Dart Cherokee*, 574 U.S. at 87).

Atlas' statutory damages claim alone of $19,469,000 ($1,000 for each of 19,469 Assignors) meets the amount-in-controversy requirement. Compl. ¶ 26; N.J.S.A. § 56:8-166.1(c).[14]

### 2. Alternatively, Each Plaintiff has a Plausible Claim for $75,000.

Alternatively, even if evaluated independently, each Individual Plaintiffs' and Assignors' claim as asserted exceeds $75,000 when totaling the potential damages alleged on behalf of each Plaintiff. Actual damages, punitive damages, and attorneys' fees are aggregated in determining the amount in controversy. *Andrews v. Home Depot U.S.A., Inc.*, 2010 WL 5464303, at *3 (D.N.J. Dec. 29, 2010).

*Actual Damages (Prayer for Relief ¶ B).* Daniel's Law allows recovery of the greater of actual damages or $1,000. N.J.S.A § 56:8-166.1(c). Here, each Individual Plaintiff and Assignor may potentially recover at least $1,000, and potentially more against each of the named Defendants if they are able to demonstrate significant actual damages. *See* Compl. ¶¶ 22-25 (alleging relocation, installation of security, self-defense training, counseling, and other damages).

---

[14] This is not inconsistent with Section III(a)(1)(iii), supra, which looks at when courts "*disregard[s]* the assignment" (not invalidates it) for the narrow purpose of its diversity-of-citizenship analysis, because the assignment was designed to destroy diversity. *See Grassi*, 894 F.2d at 185 (emphasis added). Amount in controversy is a distinct analysis.

*Punitive Damages (Prayer for Relief ¶ C)*. [C]laims for punitive damages 'will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum.'" *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008) (quoting *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004)). The New Jersey punitive damages statute allows the *greater of* $350,000 or five-times compensatory damages. N.S.J.A. § 2A:15-5.14. "[B]ecause it cannot be stated to a legal certainty" based on Plaintiffs' Complaint that each Plaintiff will not recover punitive damages, Plaintiff's punitive damages claim alone meets the amount in controversy requirement. *Huber*, 532 F.3d at 244. *See, e.g.*, *Quinones-Velazquez v. Maroulis*, 677 Fed. App'x 801, 804 (3rd Cir. 2017) (district court erred in finding that pleading of punitive damages did not meet the "legal certainty" test).

*Compliance with Injunctive Relief (Prayer for Relief ¶¶ A, C, E)*. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n,* 432 U.S. 333, 347 (1977). Here, the Plaintiffs' objective is to "cease the disclosure of the Individuals Plaintiffs' and the [Assignors']" covered information, including through "appointment of a qualified independent expert to ensure that Defendants prospectively maintain compliance with Daniel's Law." Compl. at 23 (Prayer for Relief ¶¶ A, E, F). The costs of

6Sense's compliance and retention of an expert to confirm and monitor ongoing compliance could easily cost tens of thousands of dollars.

   *Attorneys' Fees (Prayer for Relief ¶ D).* "[A]ttorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action." *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997), *as amended* (Feb. 18, 1997) (*citing Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1933)).

   Daniel's Law makes available "[a]ttorney's fees and other litigation costs" to Plaintiffs. N.J.S.A. 56:8-166.1(c)(3). If successful, each Individual Plaintiff and Assignor could have a significant claim for attorneys' fees.

## II.   ALTERNATIVELY, REMOVAL IS APPROPRIATE UNDER § 1332(D) CAFA JURISDICTION

   Alternatively, this Court may exercise jurisdiction under CAFA if it finds that Plaintiffs' complaint is either a putative mass action[15] or *de facto* class action. As explained in Subsection (A), despite its lack of class action allegations, this Court may find that Plaintiffs' complaint is a putative class action because it is *functionally* a representative action on behalf of 19,469 absent plaintiffs. Alternative it is "mass

---

[15] CAFA defines a "mass action" as "any civil action… in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under [§ 1332(a)]." 28 U.S.C. § 1332(d)(11)(B)(i).

action." As explained in <u>Subsections (B)-(C)</u>, this court has original jurisdiction under CAFA as either a putative mass action or *de facto* class action because: (i) any member of a class of plaintiffs is a citizen of a State different from 6Sense, and (ii) the proposed class exceeds 100 putative members. 28 U.S.C. § 1332(d)(2)(A); (4)–(5). As explained in <u>Subsections (D)</u>, the amount in controversy is met for both a putative *de facto* class action ($5,000,000 aggregate amount) and mass action (also each claim exceeds $75,000). Finally, as explained in <u>Subsections (E)</u>, no CAFA jurisdictional exception applies.

### A. The Court May Deem this Matter a *De Facto* Class or Mass Action.

Atlas (likely intentionally) did not title this action as a putative "class action." Nonetheless, under CAFA, this Court may "cut through the pleading artifice to identify whether the case is in substance an interstate class action." *Erie Ins. Exch. v. Erie Indem. Co.*, 68 F. 4th 815, 819 (3d Cir. 2023). CAFA's "application should not be confined solely to lawsuits that are labeled 'class actions' by the named plaintiff or the state rulemaking authority." S. Rep. 109-14, 35, 2005 U.S.C.C.A.N. 3, 34 (Senate Report on CAFA). "Generally speaking, lawsuits that resemble a purported class action should be considered class actions for the purpose of applying these provisions." *Id*. This is consistent with the Supreme Court's directive that "courts must be careful not to 'exalt form over substance' when determining whether a case satisfies CAFA's jurisdictional requirements." *Id*. at 819–820 (*quoting*

19

*Standard Fire Ins. v. Knowles*, 568 U.S. 588, 595 (2013)). Here, the Plaintiffs' complaint is a putative a class action "notwithstanding [Plaintiffs] artificial attempt to disguise the true nature of the suit." *Addison Automatics, Inc. v. Hartford Cas. Ins. Co.*, 731 F.3d 740, 742 (7th Cir. 2013) (denying remand under CAFA where plaintiff, as assignee of class rights, intentionally omitted class action terminology in the pleadings to avoid federal jurisdiction).

Additionally, CAFA expressly provides that "mass actions" may be removed to federal court if the action otherwise meets the class action removal requirements. 28 U.S.C. § 1332(d)(11)(B)(i). "In extending CAFA to large individual state court cases that are functionally indistinguishable from class actions, the mass action provision prevents plaintiffs' counsel from avoiding CAFA's expanded federal jurisdiction by simply choosing not to seek class certification." *Lowery v. Alabama Power Co.*, 483 F. 3d 1184, 1198 n.32 (11th Cir. 2007). Whether considered a class or mass action, the action may be properly removed under CAFA.

**B. Minimal Diversity Exists.**

CAFA requires only that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). As explained above, 6Sense is citizen of California and Delaware, and at least one Plaintiff is citizen of New Jersey. *See* § I(A)(1), s*upra*. Accordingly, CAFA minimal diversity is satisfied.

**C. The Proposed Class Exceeds 100 Members.**

The putative class would include 19,469 Assignees. Compl. ¶ 26. Accordingly, the putative class exceeds 100 members and satisfies the numerosity requirement. 28 U.S.C. § 1332(d)(5).

### D. CAFA Amount in Controversy is Satisfied.[16]

***De Facto Class Action***. For the reasons stated in Section I(B)(1), the aggregate amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2). The statutory damages claim alone has a facial value of $19,469,000 ($1,000 for 19,469 Assignors). *Dart Cherokee*, 574 U.S. at 87 ("amount-in-controversy allegation . . . is accepted if made in good faith" (citation omitted)).

***Mass Action***. For the reasons stated in Section I(B)(2), each Individual Plaintiff has claim(s) with an alleged facial value in excess of $75,000. 28 U.S.C. § 1332(d)(11)(B)(i).

### E. No CAFA Exception Applies.

Finally, no CAFA exception applies. Of note, CAFA has a "home state" exception for circumstances where "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(1), (B). Here, the "home state"

---

[16] *See supra* n.13. Again, 6Sense denies any Plaintiff has suffered any damages at all.

exception does not apply because 6Sense is not "a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).

## III.    6SENSE HAS MET ALL OTHER REQUIREMENTS FOR REMOVAL

As explained below, 6Sense has met all requirements for removal because this is the proper venue for removal, removal is timely, and 6Sense has met all procedural requirements for removal.

### A. This Court is the Proper Venue for Removal.

The District Court for the District of New Jersey is the proper venue for removal purposes[17] because it geographically encompasses the state court in Middlesex County, New Jersey, in which Plaintiffs filed the State Court Action. 28 U.S.C. § 1446(a).

### B. Defendant Has Timely Filed This Notice of Removal.

This Notice of Removal is timely because it is filed within 30 days of service upon Defendant. 28 U.S.C. § 1446(b)(1) (notice of removal shall be filed within 30 days of service); *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 348 (1999) (time period for removal begins when the defendant is served). Defendant

---

[17] Although this Court is the proper venue for removal, Defendant does not concede that this is the proper venue to litigate this action. Defendant may seek transfer of this action to the United States District Court for the Northern District of California, under 28 U.S.C. § 1404(a).

was served on February 22, 2024, and this Notice of Removal is filed less than thirty days thereafter, on March 22, 2024.

### C. Defendant Has Met All Procedural Requirements for Removal.

Promptly upon filing this Notice of Removal, 6Sense will give notice in writing to all parties and will file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey Middlesex County, as required by 28 U.S.C. § 1446(d).

## IV.   THE COURT MAY ORDER JURISDICTIONAL DISCOVERY

Should the Court question whether it has subject matter jurisdiction – either *sua sponte* or upon a motion for remand – it should, prior to ruling, order discovery related to: (1) the scope and form of the purported assignments (including purpose, validity, and competency of the Assignors) and (2) the citizenship of the each of the Plaintiffs. Again, the Court has a duty to look beyond the pleadings and allow for the investigation into whether any of plaintiffs were collusively joined to avoid federal jurisdiction. *See* 28 U.S.C. § 1359; *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("[w]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues"); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 109 (3d Cir. 2015) ("[t]he District Court must permit jurisdictional discovery in order to ascertain whether complete diversity exists" if jurisdiction is challenged).

## <u>CONCLUSION</u>

Wherefore, this Defendant 6Sense Insights, Inc. hereby removes the above-captioned action from the Superior Court of New Jersey Law Division, Middlesex Country, and requests that further proceedings be conducted in this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

Dated: March 22, 2024                        Respectfully submitted,
                                          **CLARK HILL PLC**

                                       By: <u>*/s/ Steven M. Richman*</u>
                                             Steven M. Richman, Esq.
                                             Myriah V. Jaworski (*pro hac vice* forthcoming)
                                             Chirag H. Patel (*pro hac vice* forthcoming)
                                             210 Carnegie Center, Suite 102
                                             Princeton, NJ 08540
                                             (609) 785-2911
                                           Email:<u>srichman@clarkhill.com</u>
                                                <u>mjaworski@clarkhill.com</u>
                                                 <u>cpatel@clarkhill.com</u>)

                                       By: *Attorneys for Defendant,*
                                       *6Sense Insights, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2024, I caused to be electronically filed with the Clerk of the U.S. District Court of New Jersey, the foregoing document by using the CM/ECF system and sent copy via First Class Mail, postage prepaid, to:

> Rajiv D. Parikh, Esq.
> Genova Burns, LLC
> 494 Broad Street
> Newark, NJ 07102

By:   /s/ Steven M. Richman
       Steven M. Richman, Esq.
       210 Carnegie Center, Suite 102
       Princeton, NJ 08540
       (609) 785-2911
       Email:srichman@clarkhill.com
       *Attorneys for 6Sense Insights, Inc.*