

**Rajiv D. Parikh, Esq.**
**Partner**
rparikh@pemlawfirm.com
*Office:*  +1 973.577.5500
*Direct:* +1 973.585.5330

August 19, 2024

<u>VIA CM/ECF</u>
Hon. Harvey Bartle, III, U.S.D.J.
United States District Court for the
District of New Jersey (by designation)
c/o United States District Court for the
Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

   Re: <u>*In re : Daniel's Law Compliance Litigation (D.N.J.) - Facial Challenge - Submission of Supplemental Legal Authority*</u>

Dear Judge Bartle:

  We write on behalf of the Plaintiffs to apprise the Court of supplemental legal authority relevant to Defendants' Consolidated Motion to Dismiss ("Motion") filed in connection with the above-referenced matter. Specifically, Plaintiffs respectfully submit that the United States Court of Appeals for the District of Columbia Circuit's August 2, 2024 decision in *Green v. United States Department of Justice*, No. 23-5159 (D.C. Cir. Aug. 2, 2024), is directly pertinent to the issues currently before the Court and provides substantial support for Plaintiffs' position.

  The *Green* decision, which was issued one business day before Plaintiffs' opposition was filed, is particularly relevant as it relied on arguments strikingly similar to those presented in Plaintiffs' Opposition to Defendants' Motion (ECF No. 49) to reject a facial First Amendment challenge to the Digital Millennium Copyright Act's ("DMCA") prohibitions on circumvention of technological protections for copyrighted works. Specifically, *Green* underscores the principle that statutes should be assessed on an as-applied basis when they intersect with existing legal frameworks that already include First Amendment safeguards. In this regard, *Green* bolsters Plaintiffs' contention that Daniel's Law, like the statute at issue in *Green*, provides adequate accommodations for First Amendment interests, especially in relation to speech on matters of public concern. ECF No. 49 at 18-22.

  Specifically, *Green* held that the same logic applies to statutes that respect "the traditional contours of copyright protection" because copyright law already includes "built-in First Amendment accommodation[s]'" that "strik[e] a balance between expression and prohibition," such as the fair-use doctrine. *Slip op.* at 4-5 (quotation marks and citation omitted). *Green* recognized that courts can adequately protect speech by "determin[ing] case by case whether use



Hon. Harvey Bartle, III, U.S.D.J.
August 19, 2024
Page 2 of 2

---

of a copyrighted work constitutes fair use." *Id.* at 5.  As Plaintiffs have explained, the same case-specific approach applies to privacy statutes like Daniel's Law. ECF No. 49 at 15-17.

Furthermore, *Green* supports Plaintiffs' argument that Daniel's Law does not regulate speech or content in many applications.  Just as much of the data regulated by Daniel's Law is not "speech" because it is not inherently expressive, ECF No. 49 at 8-10, *Green* held many acts regulated by the DMCA do not qualify as "speech" because circumventing technological protections "does not intend[] to convey a particularized message." *Slip. Op.* at 20 (quotation marks and citation omitted).  Importantly, *Green* concluded "[t]he act of trafficking in means of circumvention" is "not inherently expressive," even though such trafficking often involves *providing information* about how to "descrambl[e]" or "decrypt[]" a protected work. *Id.* (quotation marks and citation omitted).  Consistent with Plaintiffs' argument that Daniel's Law is not content-based in many applications, ECF No. 49 at 11-13, *Green* recognized that statutes are only content-based if their application "turn[s] on the message conveyed." *Slip op.* at 26 (emphasis added).

We respectfully note that Plaintiffs were unaware of the *Green* decision until after they had completed their research and finalized their opposition to Defendants' Motion. In light of the extension of Defendants' deadline to file a consolidated reply brief, Plaintiffs thought it would be appropriate to submit this supplemental legal authority at this time.

Should the Court require a formal motion for inclusion of this supplemental legal authority in the record, Plaintiffs can file such a motion promptly. We appreciate the Court's consideration of this submission and are available to provide any additional information or clarification as needed.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

**PEM LAW LLP**

s/ *Rajiv D. Parikh*
RAJIV D. PARIKH

RDP/JAM:cp
Enclosure
c:      Counsel of record (via CM/ECF and electronic mail)